UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES A. STALLANS, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 23-cv-02621 (TSC) <br> ) |
| ARCHITECT OF THE CAPITOL, | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

**MEMORANDUM OPINION**

Plaintiff James A. Stallans, appearing *pro se*, has sued the Architect of the Capitol for wrongful termination. Defendant has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), ECF No. 7, and Plaintiff has opposed the motion, ECF No. 10. For the reasons explained below, Defendant's motion will be GRANTED.

**I. BACKGROUND**

On March 12, 2021, Defendant removed Plaintiff from his position of "Laborer (Recycler)" for "misconduct." Def.'s Ex. 1, ECF No. 7-1 (Notification of Personnel Action). On September 8, 2023, Plaintiff filed the instant one-page complaint devoid of facts yet seeking (1) his "job back & all lost pay" from the date of termination, (2) his "federal job record cleared," (3) "personal damages," and (4) "charges" filed against Defendant. Compl., ECF No. 1. Plaintiff contends, to the extent intelligible, that he "is right" because he won an "unemploy[ment] decision" and was "cleared" by a witness statement." *Id*.

## II.  LEGAL STANDARD

"Federal district courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  "Subject-matter jurisdiction can never be waived or forfeited" because it "goes to the foundation of the court's power to resolve a case."  *Gonzalez v. Thaler*, 565 U.S. 134,141 (2012); *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996).  Before proceeding to the merits of a claim, a court must satisfy itself that it has subject-matter jurisdiction to consider the claim.  In the absence of subject-matter jurisdiction, the court "has no authority to address the dispute presented."  *Lovitky v. Trump*, 949 F.3d 753, 763 (D.C. Cir. 2020) (citation omitted).

In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'"  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'"  *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)).  And while courts construe *pro se* filings liberally, *see Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), the non-justiciability of a case and the absence of jurisdiction cannot be overcome by liberal construction of the complaint.

### III.  ANALYSIS

The United States is immune from suit save "clear congressional consent[.]" *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  A waiver of immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up).

As a former Congressional employee, Plaintiff is subject to the remedies and limitations of the Congressional Accountability Act (CAA), 2 U.S.C. § 1361; *see id.* § 1301(a)(3)-(5) ("Covered employee"); *Payne v. Meeks*, 200 F.Supp.2d 200, 203 (E.D.N.Y. 2002) (noting that the "CAA, enacted by Congress in 1995, makes 11 employment laws applicable to the legislative branch, and establishes administrative and judicial procedures for the resolution of disputes arising under the Act") (citing 2 U.S.C. §§ 1301–1438)).

The CAA confers jurisdiction in the federal district courts "over any civil action commenced under section 1401" titled "Procedure for consideration of alleged violations." 2 U.S.C. § 1408(a).  Before filing a lawsuit, however, a covered employee must file a formal claim with the Office of Congressional Workplace Rights ("Office"), *see id*. § 1301(a)(12) (Definitions), within 180-days of "the date of the alleged violation," *id*. § 1402(d).  The claim "shall" (1) "be made in writing under oath or affirmation," (2) "describe the facts that form the basis of the claim and the violation that is being alleged," (3) "identify the employing office alleged to have committed the violation or in which the violation is alleged to have occurred," and (4) be in such form as the  Office requires." *Id*. § 1402(a)(2). "Only a covered employee who has filed a [timely] claim" and "has not submitted a request for a hearing on the claim may,"

3

within 70 days of the claim, "file a civil action" in district court "with respect to the violation alleged in the claim[.]" *Id*. § 1401(b)(1); *see* § 1401(b)(3) (the 70-day period "begins on the date the covered employee files the claim under section 1402").

In 2009, the D.C. Circuit held "that under the CAA, counseling and mediation are jurisdictional requirements," the completion of which is documented by "the receipt of [an] end of mediation notice[.]" *Blackmon-Malloy v. U.S. Capitol Police Bd*., 575 F.3d 699, 714 (D.C. Cir. 2009) (citing 2 U.S.C. § 1408(a)).  In 2018, Congress through the CAA Reform Act, Pub L. No. 115-397, 132 Stat. 5297 (Dec. 21, 2018), "eliminated the three-step administrative process previously required before an employee could file a federal civil complaint for judicial relief under the CAA," *Tango v. United States Capitol Police*, 2023 WL 4174321, at *3 (D.D.C. 2023), but maintained the requirement that the employee "file a timely administrative claim in order to pursue a civil action in federal court regarding the claimed violation," *id*. at *4 (citing 2 U.S.C. §§ 1408(a), 1401(b)(1)).

Plaintiff's bald assertion of wrongful termination and vague reference to an unemployment decision fail to establish his compliance with the CAA's administrative claim requirement.  Therefore, this case is appropriately dismissed for lack of subject-matter jurisdiction. *See Ross v. United States Capitol Police*, 195 F.Supp.3d 180, 195 (D.D.C. 2016) ("[A]s with all questions of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that [the CAA's] prerequisites are satisfied") (citations omitted)).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted.  A separate order will issue contemporaneously.

Date:  April 23, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge